### PENDLETON *v.* WEED.

By mistake two records were made up and filed at different times upon the same judgment. After execution had been issued and in part collected upon the second record, the defendant procured from the plaintiff in the judgment, a satisfaction of the first record. He then applied to the court in which the judgment was recovered to vacate the second record. This motion was denied, but a reference was granted to ascertain whether the cause of action had been extinguished. In an action brought in another court against the plaintiff in the judgment for levying under the execution upon the second record, *Held,* that such record could not be impeached by evidence of the above facts. Though irregular it was not a nullity, and the whole matter was under the control of the court in which the judgment was recovered.

Where a party gives in evidence entries in some of the books of account of two mercantile firms having dealings together in respect to the matter of such entries, the opposite party is entitled to give in evidence entries on the same subject in any of the books essential to a complete system of book-keeping, kept and used by either of the firms, cotemporaneously with the transaction.

APPEAL from the Superior Court of New-York city. The complaint was for the wrongful taking and conversion of certain goods and chattels, the property of the plaintiff; and also certain other goods and chattels, the property of William S. Pendleton, which was afterwards transferred to the plaintiff, with the right of action for the taking and disposing thereof. The answer denied the taking, and also set up a justification under a judgment and execution in favor of the defendant and others, composing the firm of N. & H. Weed & Co., against the plaintiff and others, alleging that the property then belonged to the plaintiff, and further alleged that the judgment at the time belonged to other persons, Rhodes, Weed & Co., and that the execution was issued and the property taken and sold without the direction or knowledge of the defendant. The reply denied that any judgment, the record of which was signed or filed on or about the time set forth in the answer, was ever recovered as alleged in the answer; and averred that the pretended record

of judgment was made without authority, and is a duplicate
record of a judgment previously entered, with the exception
of the date of the signing of the record, and is therefore void;
that the previous judgment was paid before the taking of
the property, and that the taking was with the authority
and for the benefit of the defendant. At the trial, evidence
was given in support of the complaint, and the defendant
then produced and read a record of a judgment in the
Supreme Court, as set forth in the answer, rendered in July,
1838, the record of which was signed and filed in July, 1839.
The defendant further gave in evidence the execution on
which the property was taken; also, an order of the Supreme
Court, at general term, affirming an order at special term,
denying a motion to set aside the alleged judgment and to
remove from the files the alleged judgment roll, and referring
it to a referee to ascertain and report whether the cause of
action on which the judgment purports to be founded had
been paid. The counsel for the plaintiff thereupon offered
to prove the allegations in the reply in regard to the record
being a duplicate copy of a record, previously filed, of a
judgment rendered in July, 1838, except as to the date of
the signing thereof; that there had been no suit for the
causes of action mentioned in the duplicate record com-
menced, except that in which judgment had been previously
entered and perfected by the filing of a record, and that the
duplicate record had been placed on file by accident and
clerical mistake of some person acting in behalf of the
plaintiff, who had induced the clerk to sign it. Objection
was made to receiving the proof, and it was excluded by the
court, and an exception taken to the decision. Evidence
was given, on both sides, upon the subject of the ownership
of the judgment and the connection of the defendant with
the taking of the property, and also upon the question of
the payment of the judgment perfected in July, 1838; and,
among other proof, the plaintiff called a book-keeper, who
testified that he had examined the books of N. & H. Weed &

Co. and of Rhodes, Weed & Co.; he then referred to certain entries in the ledger and also in the journal of N. & H. Weed & Co. On his cross-examination, the witness testified that he had examined all their books; that certain notes mentioned in the entries referred to would, in a regular course of business, be entered in the bill book, and that one of the entries referred to a cash book. The witness was then asked to turn to the cash book and read the entry referred to; also to the bill book and read the corresponding entries in it in regard to the notes. Objection was made but overruled by the court, and the plaintiff excepted, and the entries were read. The counsel for the plaintiff called for the books of Rhodes, Weed & Co., which were produced, and the book-keeper read certain entries in the ledger and journal. On his cross-examination, the witness was permitted by the court, under an objection and exception, to read from the cash and check books of that firm upon the subject of payment of the judgment, the court ruling that the witness might read from any of the books that were kept cotemporaneously. Some other exceptions were taken to decisions on questions of evidence. The plaintiff was nonsuited, and the case does not show that any exception was taken to that decision. The exceptions were heard at a general term of the Superior Court, and judgment ordered for the defendant, which having been entered an appeal was taken to this court. Some additional facts in respect to the judgment and execution before mentioned are stated in the opinion of COMSTOCK, J.

*Nicholas Hill*, for the appellant.

*David Dudley Field*, for the respondent.

STRONG, J. It does not appear that an exception was taken to the decision granting a nonsuit, and hence the only questions for consideration arise upon the rulings on questions of evidence. The point principally relied upon by the

Pendleton *v.* Weed.

appellant is, that the rejection of the evidence offered to impeach the judgment record given in evidence, by showing it was not in truth a record of judgment, was erroneous; and the main argument urged in support of the point is, that it is always competent for a party against whom what purports to be a record of judgment is given in evidence to prove that the court acquired no jurisdiction over him, and therefore that there is no valid judgment, and that the record was unauthorized. It is undoubtedly true that the want of jurisdiction of the person is a good defence in answer to a judgment, when set up for any purpose, and that such jurisdiction is open for inquiry (*Dobson* v. *Pearce*, 2 *Kern.*, 156); but it is difficult to perceive how those principles are applicable to this case. It is conceded by the plaintiff that there was a valid judgment rendered in July, 1838, and not pretended on his part that the record in evidence would not be a proper record of that judgment, if a record thereof had not been previously filed; and upon these facts the only question would seem to be, which of those two records shall stand as evidence of the judgment. This was a question of practice belonging to the court rendering the judgment, which that court has determined by refusing to set aside or remove from the files the record in question, and thereby virtually deciding that it is the proper record of the judgment. The power of that court over the question appears to be clear, and the exercise of that power cannot be reviewed by this court in this suit.

Another ground on which it is now contended the evidence should have been received is, that it would have tended to show that the payment of the judgment set forth in the record of July, 1838, was an extinguishment of the judgment, evidenced by the record received in evidence; but a full answer is, that the evidence was not offered with that view, and that if it was desired to use it for that purpose, that ground should have been brought to the attention of the justice at the trial by distinctly stating it in the offer.

Pendleton *v.* Weed.

The entries, which were objected to as evidence, in the books of N. & H. Weed & Co., proved nothing material beyond what had already been proved by the plaintiff; but in regard to all the entries the reading of which was objected to, both those in the books of N. & H. Weed & Co. and those in the books of Rhodes, Weed & Co., the plaintiff having given in evidence entries in some of the books of each firm on the question of payment, it was proper to allow the defendant to refer to other entries on the same subject, about the same time, in other books essential to a complete system of book-keeping, then kept and used by those firms respectively. The books of each firm must be regarded as one for the purposes of evidence, and the question the same as if the entries objected to had been in the same books with the entries used by the plaintiff. If a party uses books of account against his adversary he makes them evidence for him on the same subject. They are like any declaration or admission by writing or orally : if part is used, the whole relating to the same matter is admissible. (*Cow. & Hill's Notes*, 229.)

COMSTOCK, J.—This case is somewhat remarkable. The defendant and others sued the plaintiff and others, in the year 1838, upon a note on which the plaintiff was indorser. The suit went regularly to judgment and the record was signed and filed on the 2d of July of that year. Afterwards, on the 15th of June 1839, another record in the same suit, upon the same cause of action and between the same parties was procured to be signed and was placed upon the files of the court. This was done through mistake and inadvertence, the attorneys who prosecuted the suit not having entered in their office register the fact of filing the record in 1838. Thus two records in the same suit were perfected, each considered by itself having all the requisites of a valid judgment, because each of them was founded upon a suit regularly instituted in which the parties were duly served with

Pendleton *v.* Weed.

the declaration. Upon the record last filed execution was issued in February 1849, and the property of Pendleton was levied upon and sold. This action, in the nature of trespass, was brought for that seizure and sale. I have stated the facts in regard to the filing of the second record as Pendleton offered to prove them on the trial, and his offer did not go beyond this statement. Some $4000, was collected by the sheriff upon the execution and paid over. After this took place, after this use had been made of the second record now sought to be impeached, Pendleton whose property was sold, procured from the present defendant a satisfaction-piece upon the judgment first obtained, and subsequently sued him in this action for the levy and sale under the second. Pending the action and before the trial, he moved in the Supreme Court, where both the records were filed, to have the one now in question set aside, but the motion was denied, a reference being granted to him for the purpose of inquiring and determining whether the judgment had been paid.

It is now insisted that the record thus filed by mistake, and the execution, were absolute nullities affording no justification for the seizure and sale of the plaintiff's goods, and moreover that these proceedings are not at all aided by the decision of the Supreme Court allowing the record to stand as a judgment of the court.

I assent to the doctrine that where there is no suit or process, appearance or confession, no valid judgment can be rendered in any court, and that in such a case the recital in the record of jurisdictional facts is not conclusive. (*Starbuck* v. *Murray*, 5 *Wend.*, 148, 158.) It is, I think, always the right of a party, against whom a record is set up, to show that no jurisdiction of his person was acquired, and, consequently, that there was no right or authority to make up the record against him. I also assent to the general proposition that the decision of a court on summary application refusing to set aside a judgment alleged to be void for want

of jurisdiction is not to be received as a conclusive deter-
mination that the judgment was valid. (*Simson* v. *Hart*,
14 *John.*, 63.)

But the questions here, it seems to me, are somewhat
different. By the regular institution of a suit, and service
on Pendleton of the declaration, the Supreme Court acquired
jurisdiction to render a judgment against him. By a mis-
take, two records of the judgment were signed and placed
on file. In practice, this was altogether irregular. But
would it not have been within the powers of the Supreme
Court, on motion, to allow either of the records to be taken
from the files and the other to stand as the judgment of the
court? It is literally and exactly true, that each of the
records was founded upon a suit, regularly commenced, in
which the jurisdiction of the parties was acquired. Two
judgments in that suit ought not to have been entered, and
most certainly only one satisfaction of the debt could be
had. Execution upon either of the records being satisfied,
the debtors would be entitled to have them both discharged.
But the question now is, was the record last filed absolutely
a nullity, so that even the Supreme Court had no power to
order it to stand, and so that the execution was also void,
and the levy under it a trespass which nothing could cure?

It may be conceded that if a creditor, having regularly
entered one judgment, should intentionally procure another
record to be signed and filed, with a view to obtain a double
satisfaction or to gain some other advantage, such, for
example, as to preserve the priority of his lien on real estate,
the proceeding would be altogether void. No possible bene-
fit could or ought to be derived from a fraudulent proceeding
of that character. The fraud would utterly vitiate that
which if innocently and inadvertently done might be allowed
to stand where justice plainly required it. In this case, it
was part of the plaintiff's offer to show that the record of
1839 had been placed on file "by accident, and by a clerical
mistake of some person acting on behalf of the plaintiffs in

Pendleton *v.* Weed.

the suit," and no suggestion was made on the trial or on the argument before us, that the execution was not issued and the levy upon and sale of Pendleton's property were not made in good faith. I do not believe that any principle of law is violated if we say, under these circumstances, that the record is under the control of the court in which it was filed, and cannot be impeached in the manner now attempted and for the purposes now in view.

[The learned judge was further of the opinion that the plaintiff had estopped himself from disputing the validity of the second judgment record. The facts showed, as he thought, that the fund raised by the execution and sale under the second record, entered into the consideration upon which the plaintiff obtained a satisfaction piece of the first record. Having procured such satisfaction-piece, and thus affirmed the validity of the first record, by applying the moneys collected on the execution upon the second judgment record, he was not at liberty to insist that the record and execution were void for the purpose of recovering back the money which he had, in effect, devoted to such satisfaction of the judgment.]

SELDEN and PRATT, Js., were for reversal, on the ground that the offer of the plaintiff was, in substance, to disprove any record of judgment, and also because the order of the Supreme Court, refusing to cancel the judgment roll, may, for aught that appears, have been made on the ground that the question of its validity was in issue before the Superior Court in this action, and that it would be there held void if the facts proved should warrant such determination. All the other judges were for affirmance; and all the judges (except PRATT, J., who expressed no opinion upon the point) concurred with STRONG, J., in respect to the admissibility of the evidence contained in the books of account of the two firms.

Judgment affirmed.