BRANDT v. PUBLIC BANK.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

1. EVIDENCE (§ 383*)—DOCUMENTS—AVAILABILITY TO ADVERSARY.

    Documentary evidence is available for as well as against the adversary, being, like any written or oral declaration or admission, wholly admissible if partly used.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1672–1677; Dec. Dig. § 383.*]

2. BANKS AND BANKING (§ 154*)—CHECKS—STOPPING PAYMENT—NOTICE TO BANK—EVIDENCE—SUFFICIENCY.

    Evidence *held* to show that a check was paid before the bank received notice to stop payment.

    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 154.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Max Brandt against the Public Bank. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Morris Salpeter, for appellant.

Henry Fluegelman, for respondent.

WOODWARD, J. The plaintiff sued to recover $50 which it was claimed the defendant had paid out upon the plaintiff's check after having been notified that the plaintiff wanted to stop payment. At the close of plaintiff's evidence, the court granted defendant's motion to dismiss the complaint, on the ground that the plaintiff had failed to produce evidence to sustain a cause of action. The plaintiff appeals to this court.

The plaintiff, in support of his cause of action, introduced in evidence without qualification a notice to stop payment on the plaintiff's check. This notice was a printed form, filled in by the plaintiff, and was dated on the 1st day of November, the same date which appears upon the check, though it is claimed that the check was written and delivered on the 31st day of October, 1909. This blank, which is about the size of an ordinary check, had the following words printed upon it:

"In receiving the above stop payment notice, it is agreed that this bank will use all due diligence, but will not be held liable in any event."

But, in addition to these words, there was a written memorandum, evidently by the bank officers, saying, "Received Nov. 5, '09," and on the upper left-hand corner there was a like memorandum, "Pd, report by M. Bank mth 4," and the indorsement on the check, which is likewise in evidence without objection or limitation, shows that the check was paid by the Metropolitan Bank on the 3d day of November, which would be in harmony with the memorandum that it was reported on the 4th of the month by the M. Bank. It thus appears from the plaintiff's own evidence that, while the stop payment notice is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dated Nov. 1, it was not received by the Public Bank until the 5th of that month, while the payment was made by way of the Metropolitan Bank on the 4th. The rule is that, if a party uses books of account or other papers against his adversary, he makes them evidence for him on the same subject. They are like any declaration or admission by writing or orally. If part is used, the whole relating to the same matter is admissible (Pendleton v. Weed, 17 N. Y. 72, 76; Dewey v. Hotchkiss, 30 N. Y. 497, 501), and, being in the case, they must be given force. Passing over the disclaimer of responsibility on the part of the bank, which was a part of the stop payment notice, as well as one of the regulations printed in the defendant's pass book delivered to the plaintiff, there was evidence in the case to establish that the notice was not given to the bank until the 5th day of November, 1909, at least one day after its payment by the defendant, and this, of course, justified a dismissal of the complaint.

The judgment appealed from should be affirmed, with costs. All concur.

