they would have been wrongful afterward depends upon their necessity and need not be decided.

It is conceded that 80 cords of limestone were removed from these premises by the defendant. Its value is fixed at $20. About one-half acre was covered by the spoil bank and rendered permanently unfit for agricultural purposes. The damage so caused is fixed at $50. The total amount allowed plaintiff is therefore $70, together with the costs of this action.

Findings in accordance with these views may be prepared, and, if not agreed upon, will be settled upon notice.

Judgment accordingly.

---

## MALARA v. PRUDENTIAL INS. CO. OF AMERICA.

### MADURA v. SAME.

(Supreme Court, Appellate Division, Second Department. December 28, 1911.)

APPEAL AND ERROR (§ 1002*)—REVIEW—FINDINGS OF JURY—CONFLICTING EVIDENCE.

  Where, in an action on an industrial insurance policy, the evidence conflicted as to whether there was a misrepresentation as to the health of the applicant in the application for the policy, and the testimony of the plaintiff tended to show that there were no misrepresentations, the questions said to have been falsely answered not having been in fact asked, the verdict of the jury on such evidence will not be disturbed on appeal.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from City Court of Yonkers.

Action by Rose Malara, as administratrix, against the Prudential Insurance Company of America, and by Michael Madura, as administrator, against the Prudential Insurance Company of America. From judgments in favor of the plaintiffs, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, WOODWARD, and RICH, JJ.

Joseph W. Middlebrook (Alfred M. Bailey, on the brief), for appellant.

Thomas F. Curran, for respondents.

PER CURIAM. While each of these cases is distinct from the other, they were tried by the same attorneys, and the questions presented are substantially the same. They were submitted together, and but one discussion seems to be necessary. The plaintiffs in both cases seek to recover upon industrial insurance policies, one of them on the basis of the payment of 10 cents per week and the other upon 25 cents per week, and the defense in both cases is that there were misrepresentations of material facts in the applications; that the applicants warranted the representations that they were in good health, and had not been afflicted with tuberculosis or other fatal maladies.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In each case this defense was met by the testimony of witnesses, conceded to have been present when the application was signed, who stated that none of the questions relating to health were asked of the applicant, but that the blanks were filled in after the signatures were obtained, and not in the presence of the insured.  There was a conflict of evidence upon these points, but it cannot be said that the verdict of the jury in favor of the plaintiffs is not supported by the evidence, and it is not customary for this court to overturn a verdict where the testimony is conflicting, and especially in this class of cases, where common experience teaches that the methods employed are in entire harmony with the testimony.  Here the evidence indicates that the agents secure the application, and the company's doctor goes around and makes an "inspection," which is merely a hasty observation of the applicant, and, in the case of the 10 cents per week applicant, no pretense of a medical examination is made.

Knowing the informalities in common vogue in the transaction of business, and taking into consideration the anxiety of agents to get applications filled, and the necessarily small commissions to be earned, it is easy to understand how the work of filling out the blanks would be undertaken by the agent without going to the trouble of making the detailed examination which is required by the form.  His work is to get the signature.  This once done, the filling out of the answers is simple, and, if the company's agent neglects to get the information which, upon its face, would vitiate any policy written, and accepts the insured's weekly contribution, there is no reason in law why the company should not fulfill its contract.

The judgments and orders appealed from should be affirmed, with costs.  All concur.  THOMAS, J., in result.