(62 Misc. Rep. 350.)

### MAASS v. ROSENTHAL.

(Supreme Court, Special Term, Westchester County. February, 1909.)

1. COURTS (§ 91*)—CONFLICT OF DECISIONS.

It is the duty of the Special Term to follow the decision of the Appellate Division in the same department where there is a conflict between such decision and that of the Appellate Division of another department.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 325; Dec. Dig. § 91.*]

2. COSTS (§ 277*)—STAY OF SUBSEQUENT ACTION UNTIL PAYMENT—EQUITABLE ACTION—ACTION AT LAW.

Where, in an equitable action to set aside a conveyance of land for fraud of defendant grantee, it appeared that there was no ground for equitable relief because of the conveyance of the land by defendant, and defendant on discontinuance of the action had a judgment for costs, an action at law for damages for the same fraud would not be stayed until payment of such judgment by plaintiff, the rule providing for a stay until the costs awarded defendant in the former action are paid not being applicable, where the first action was in equity and the second action is at law, on grounds which could not constitute a right of action in equity.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1045; Dec. Dig. § 277.*]

Action by Sophie Maass against Marcus A. Rosenthal. Motion by defendant for an order staying proceedings until payment by plaintiff of a judgment for costs recovered by defendant in a former action between the parties. Motion denied.

See also 125 App. Div. 452, 109 N. Y. Supp. 917.

Arnold Charles Weil, for the motion.
Gilbert Ray Hawes, opposed.

MILLS, J. This is a motion by the defendant for an order staying all proceedings on the part of the plaintiff in this action until a judgment in the defendant's favor and against the plaintiff for $391.39 costs, entered in the office of the clerk of the county of New York on the 25th day of January last in a former action by the plaintiff against the defendant, be paid. This action is at law to recover damages for deceit claimed to have been practiced by the defendant upon the plaintiff in a transaction by which the plaintiff exchanged with the defendant certain parcels of land for certain car loads of lumber. The deceit alleged consists of false representations in reference to the lumber, alleged to have been made by the defendant to the plaintiff.

Prior to the bringing of this action, the plaintiff brought in this court (New York county being the place of trial) an action against the defendant in equity to set aside the conveyance of the land upon the ground of the same deceit or fraud. At the trial of such action at the New York Special Term, it appeared that before the commencement of it the defendant had conveyed the land to other parties, who were not made parties defendant in that action. It was thus apparent at such trial that the plaintiff was not entitled to equitable relief, but at the most was entitled to maintain an action at law to recover money dam-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ages. Nevertheless, the Special Term awarded the plaintiff a money judgment for the amount of her damages proven. Upon appeal the Appellate Division in the First Department (125 App. Div. 452, 109 N. Y. Supp. 917) held that the Special Term should have dismissed the complaint with or without costs, and have left "the plaintiff to her remedy at law in an action brought on a proper theory supported by appropriate allegations in such relief," and therefore reversed the judgment and granted a new trial, with costs, to the appellant (the defendant) to abide the event. By its opinion the Appellate Division in effect advised the Special Term upon the new trial to make such disposition of the case. Thereupon the plaintiff moved such Special Term for an order discontinuing the action without costs. Upon the hearing of such motion such Special Term made an order dismissing the complaint, with costs and disbursements to be taxed, which resulted in the entry of the judgment above referred to. Thereafter this action was brought, such costs not having been paid.

The rule is well settled that, where a second action has been brought by the plaintiff against the same defendant upon the same cause of action, the plaintiff's proceedings in such second action will be stayed until the costs, as awarded to the defendant in the former action, are paid. The counsel for the plaintiff, however, here claims that that rule is not applicable to the case or situation where the first action was brought in equity, and the second pending action is at law upon grounds which could not constitute a right of action in equity.

On behalf of the motion the defendant's counsel cites and relies upon the case of Spaulding v. The American Wood Board Company, 58 App. Div. 314, 68 N. Y. Supp. 945, wherein the Appellate Division of the First Department held that such rule was applicable to such case and situation. The counsel for the plaintiff, in opposition to the motion, however, cites and relies upon the case of Skeels v. Bodine, 68 App. Div. 217, 73 N. Y. Supp. 1093, wherein he claims that the Appellate Division of this, the Second Department, held otherwise and directly in accordance with his contention here. The decision of the Appellate Division in the First Department in the Spaulding Case, supra, was by a divided court, the then presiding justice dissenting; whereas the decision of the Appellate Division in the Second Department in the Skeels Case, supra, was unanimous. Aside from this distinction between the two decisions, it is plainly the duty of this Special Term to follow the decision of the Appellate Division in this department, provided there be a conflict between the two.

The question, therefore, is whether or not there be such conflict; and it seems to me that there is. The sole difference which I can perceive between the Skeels Case and the case here at bar is that in that case the dismissal of the complaint in the former action was by the order of the Special Term made expressly "without prejudice to an action at law." The whole of the decision or order of such court must of course be read together in order to determine what was meant by the words "without prejudice." Inasmuch as such decision or order awarded the costs to the defendant in that action, it does not seem to me that the words "without prejudice" could be construed as meaning that the defendant should not be entitled to receive such costs. However this may

be, it seems to me that the opinion of the Appellate Division in the First Department in the former action between the same parties here at bar involves, by a necessary implication, a direction for a dismissal of the complaint in that action by the Special Term without prejudice to the bringing by the plaintiff of this action. So that, in substance, the situation is substantially the same in this case that it was in the Skeels Case.

I do not regard the case of Muratore v. Pirl (Second Department) 109 App. Div. 146, 95 N. Y. Supp. 855, as overruling the decision in the Skeels Case, supra, or being at all inconsistent therewith. In the Muratore Case the remedy sought in each action—viz., the then present action and the former action between the same parties—was identically the same, viz., the recovery of money damages for personal injuries sustained by the plaintiff. In the case here at bar and in the Skeels Case the remedy sought in the two actions was entirely different; that in the former action being for stated equitable relief, and that in the latter for money damages only.

Aside from the question of authority, it seems to me a proper exercise of discretion on the part of the court to permit the plaintiff to proceed with this action without compelling her to pay the costs awarded against her in the former action before she can be heard in this upon the merits. No doubt the defendant in this action will be entitled to offset the judgment in that action against any judgment which the plaintiff may recover here.

Therefore I conclude, both upon authority and in the exercise of the discretion vested in the court, that the motion for a stay should be denied.