(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

INSURANCE (§ 585*)—CONSTRUCTION OF POLICY—PERSON TO WHOM PAYABLE.
Defendant issued a policy on the life of plaintiff's father, by which it agreed to pay to executors or administrators, or to the beneficiary named, unless settlement shall be made as hereinafter provided, the amount named, subject to the conditions that the company may pay any claim to any relative by blood of the insured, or to any other person in the judgment of said company equitably entitled to the same by having incurred expense on behalf of the insured for his burial, or for any other purpose, and the receipt of such person shall be conclusive evidence that such sum has been properly paid; payment upon presentation of the policy and premium receipt book to be a discharge to the company. No beneficiary was named in the policy; but plaintiff was named as beneficiary in the application, which reserved the privilege to change the beneficiary. Insured subsequently married again, and, the premiums being in arrears, the policy and receipt book were turned over to the wife, who paid the arrears and premiums down to the time of the death of the insured, and upon his death she delivered the receipt book, policy, and proof of death to the company, and was paid by check, which she indorsed to the undertaker who buried deceased. *Held*, that payment was made in compliance with the contract.

Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1461; Dec. Dig. § 585.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Estelle Rau Cohen against the John Hancock Mutual Life Insurance Company and another. Judgment for plaintiff, and defendant insurance company appealed. Reversed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

F. W. Buermeyer, for appellant.

Harry S. Lucia, for respondent.

MILLER, J. This action was brought by the plaintiff, as beneficiary, to recover the sum of $111 on a policy issued on the 8th day of

---

November, 1899, by the defendant on the life of one Charles G. Rau, the plaintiff's father. The policy provided:

"The John Hancock Mutual Life Insurance Company of Boston, Mass., in consideration of the payment of 15 cents, at or before noon on Wednesday of each week, during the life of Charles G. Rau, the insured herein, agrees to pay unto his or her executors or administrators, or to the beneficiary hereunder, unless settlement shall be made as hereinafter provided, within twenty-four hours after satisfactory proof of death of the insured, the amount named in the schedule below, subject to these conditions and provisions: The company may pay claim under this policy to any relative by blood, or connection by marriage, of the insured, or to any other person in the judgment of said company equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his burial, or for any other purpose; and the receipt of any of such persons shall be conclusive evidence that such sum has been properly paid, and discharge the company from liability under this policy."

No beneficiary was named in the policy; but the plaintiff was named as beneficiary in the application, which also contained this provision:

"The right is also reserved to change the beneficiary from time to time, with the consent of the company, by written notice to said company; but payment upon presentation of the policy and premium receipt book, shall be a discharge to the company."

The insured married again in 1900. The premiums on the policy were then in arrears. The policy and the receipt book were then turned over to the wife of the insured, the defendant Mary Rau, who paid the arrears and the premiums down to the time of the death of the insured in January, 1909. Upon his death she delivered the receipt book and the policy and proof of death to the defendant, who in good faith paid her the amount of the policy by a check which was indorsed by her and delivered to the undertaker, who buried the deceased, in part payment of his bill.

The plaintiff claims that she has a vested interest in the policy, and that the defendant is not protected by payment, even in good faith, under the optional clause of the policy. No case is cited, however, which decides that proposition, and the discussion in all the cases cited is aside the point. It was held in this court in this department that an administrator could not maintain an action on a somewhat similar policy where a beneficiary was named in the policy; but that is far from holding that the naming of a beneficiary prevents the insurer from exercising an option plainly expressed in the policy. Ruoff v. John Hancock Mutual Life Ins. Co., 86 App. Div. 447, 83 N. Y. Supp. 758. It will be noted that the policy provides for payment to the beneficiary "unless settlement shall be made as hereinafter provided." Now, in this case, the company exercised the option to pay to one of the class mentioned in the optional clause (i. e., the widow), for a purpose expressly mentioned in said clause, to wit, the payment of funeral expenses. It seems to me that the meaning of this contract is plain, and that the defendant has paid exactly in accordance with its terms, and should not be compelled to pay again. Of course, an optional clause does not enable the company entirely to escape making payment. Wokal v. Belsky, 53 App. Div. 167, 65 N. Y. Supp. 815. Where the beneficiary is named, it does not enable an administrator to recover

simply because the first to bring suit. Ruoff v. John Hancock Mutual Life Ins. Co., supra. It does not enable the company to defeat the claim of the beneficiary by exercising its option in bad faith. Shea v. United States Industrial Ins. Co., 23 App. Div. 53, 48 N. Y. Supp. 548.

But no such questions are involved in this case. The plaintiff cannot recover, contrary to the plain provisions of the contract, by asserting that, as beneficiary, she has a vested interest in the policy. It seems to me that her interest was plainly contingent. She was to be paid, unless payment was made to some one else according to the terms of the contract; but, whatever interest she had, it was expressly made subject to the option of the company to make the payment which it has made. Only one case has been called to our attention which seems to be exactly in point. Metropolitan Life Ins. Co. v. Schaffer, 50 N. J. Law, 72, 11 Atl. 154. That case decided that a payment in strict accordance with the terms of the policy discharged the company from liability. It seems to me that that proposition requires no argument to support it, and it cannot be denied that the defendant has paid in strict accordance with the terms of the contract.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.