In each case this defense was met by the testimony of witnesses, conceded to have been present when the application was signed, who stated that none of the questions relating to health were asked of the applicant, but that the blanks were filled in after the signatures were obtained, and not in the presence of the insured. There was a conflict of evidence upon these points, but it cannot be said that the verdict of the jury in favor of the plaintiffs is not supported by the evidence, and it is not customary for this court to overturn a verdict where the testimony is conflicting, and especially in this class of cases, where common experience teaches that the methods employed are in entire harmony with the testimony. Here the evidence indicates that the agents secure the application, and the company's doctor goes around and makes an "inspection," which is merely a hasty observation of the applicant, and, in the case of the 10 cents per week applicant, no pretense of a medical examination is made.

Knowing the informalities in common vogue in the transaction of business, and taking into consideration the anxiety of agents to get applications filled, and the necessarily small commissions to be earned, it is easy to understand how the work of filling out the blanks would be undertaken by the agent without going to the trouble of making the detailed examination which is required by the form. His work is to get the signature. This once done, the filling out of the answers is simple, and, if the company's agent neglects to get the information which, upon its face, would vitiate any policy written, and accepts the insured's weekly contribution, there is no reason in law why the company should not fulfill its contract.

The judgments and orders appealed from should be affirmed, with costs. All concur. THOMAS, J., in result.

---

SMITH v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department.   December 28, 1911.)

1. INSURANCE (§ 645*)—ACTIONS ON POLICY—PLEADINGS—PROOF OF DEATH.
    Where, in an action by an administratrix on a policy of insurance, the complaint alleged due proof of the death of the insured during the continuance of the policy, an answer admitting that "proofs of death" were given amounts to a waiver of the necessity of formal proof of death at the trial, and, as such proof was not necessary to plaintiff's cause of action, the proofs already made were not admissible to support any contention of the defendant.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1640; Dec. Dig. § 645.*]

2. EVIDENCE (§ 251*)—ADMISSIONS AGAINST INTEREST—ADMINISTRATORS.
    While letters of administration will relate back to acts done between the death of the intestate and the taking out of letters of administration, the doctrine applies only where the act was done for the benefit of the estate, so that, where the widow of an insured made proof of death before taking out letters of administration, in a later action by the ad-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ministratrix on the policy, such proofs are not admissible as admissions against interest to support a contention of the defendant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 988; Dec. Dig. § 251.*]

Appeal from City Court of Yonkers.

Action by Julia Smith, administratrix, against the Prudential Insurance Company of America. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, CARR, WOODWARD, THOMAS, and RICH, JJ.

Joseph W. Middlebrook (Alfred M. Bailey, on the brief), for appellant.

William J. Wallin, for respondent.

WOODWARD, J. Both parties asked for the direction of a verdict in this case, and the court directed a verdict in favor of the plaintiff. The case does not vary essentially from that of Madura v. Prudential Insurance Company, and Malara against the same defendant, 132 N. Y. Supp. 528, decided at this term, and it would not be necessary to enter into further discussion, except for the fact that a ruling of the court is seriously urged as a ground for reversal. Defendant in support of its affirmative defense offered in evidence the proofs of death furnished by the plaintiff in this action. This was objected to upon the ground that such proofs of death were—

"incompetent and irrelevant, and not admissible here. The evidence is that these papers were signed by the widow of Harry Smith in the month of July, 1910, and the letters of administration, already in evidence, were not issued to the plaintiff until the 2d day of December, 1910, and a representative is not bound by any admission made by her individually against herself in her representative capacity."

This objection was sustained, and an exception was taken by defendant's counsel. The question is as to the correctness of this ruling.

[1] The policy, by its terms, is payable to the "executors or administrators of the insured," with certain exceptions, not involved in this case, and the plaintiff, as administratrix, etc., alleged in her complaint, in paragraph 8, that:

"Due proof of the death of the insured during the continuance of the aforesaid policy, was given to the defendant by plaintiff."

And the answer "denies each and every allegation set forth in the paragraphs of said complaint numbered, respectively, 'Eighth,' 'Ninth,' and 'Eleventh,' except that this defendant admits that proofs of the death of Harry Smith were given to defendant by plaintiff, and that this defendant has refused to pay," etc. It was not necessary to the the plaintiff's cause of action, therefore, to put in evidence the proofs of death. The defendant made no claim that there was any failure on the part of the plaintiff to furnish the evidence of death. Its defense was based upon the alleged fact that the insured had made false

representations as to the condition of his health. The plaintiff, acting in her representative capacity, and John Doe, might have been appointed administrator as well as the plaintiff, pleaded compliance with this condition of the policy, and this was admitted, so that as between the plaintiff in this action, representing the estate of Harry Smith, and the defendant, there was no issue in respect to the furnishing of the certificate of death, and such certificate was not necessary to establish her cause of action, which is quite a different case from that of Brandt v. Public Bank, 139 App. Div. 173, 123 N. Y. Supp. 807, where the plaintiff, without limitation, introduced in evidence a slip of paper containing certain matters necessary to establish his cause of action, and other matters which militated against him, and we held that, the paper as a whole being in evidence, it was available to the defendant for any purpose within the issues.

[2] In the case now before us the defendant sought to introduce in evidence, not to help the plaintiff, but to defeat her, certain admissions made by the plaintiff personally, at a time when she did not represent the estate, and we are clearly of the opinion that the ruling of the court upon this point was proper. Her personal admissions were prejudicial to the estate, and the doctrine that letters of administration relate back to acts done between the death of the intestate and the taking out of letters of administration exists only in those cases where the act was done for the benefit of the estate. 11 Am. & Eng. Ency. of Law (2d Ed.) 908. A personal admission against the interests of the estate is not an act for the benefit of the estate, and the defendant might, as it has done, waive the requirement of formal proofs of death, so that, as the case was presented at the trial, the offer of the defendant of the proofs of death was entirely incompetent and irrelevant and not admissible.

The judgment and order appealed from should be affirmed, with costs. All concur.