ANNIE McCARTHY, as Administratrix, etc., of EDWARD A. McCARTHY, Deceased, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Second Department, October 26, 1928.

*Ralph Earl Prime* [*Ralph Earl Prime, Jr.*, with him on the brief], for the appellant.

*John J. Finn* [*Theodore Van Tassel* with him on the brief], for the respondent.

HAGARTY, J.   On the 23d day of September, 1926, plaintiff was appointed administratrix of the estate of her husband, Edward A. McCarthy, who died on the 21st day of June, 1919.   This action was commenced on the 25th day of September, 1926, to recover the amount of a policy of industrial insurance issued by the defendant upon the life of the plaintiff's intestate.

The complaint concededly states a cause of action.   Among other matters therein contained, it is alleged that proofs of death were furnished to the insurer.   This latter allegation having been denied, plaintiff served notice of intention to amend upon the trial, and upon the trial her amendment was allowed to the effect that the defendant, by making payment to one Catherine Foley, sister of the insured intestate, had waived the formality with respect to the giving of the proofs of death.   To this the defendant duly excepted.

The amended answer, in addition to denials, contains two affirmative defenses: (1) The Statute of Limitations; and (2) the payment to Catherine Foley, the insured's sister, on the 20th day of February, 1920, of the sum of $275 under the authority of what is known as the "facility of payment" clause of the policy.   It is conceded by the defendant that there is no controversy as to the facts in this case.

The contract between the parties provides:

"The Prudential Insurance Company of America, immediately upon receipt of due proof of the death of the Insured during the continuance of this Policy, will pay  *  *  *  the amount of insurance herein specified, to the executors or administrators of the insured, unless payment be made under the provisions of the next succeeding paragraph.

"Facility of Payment.— It is understood and agreed that the said Company may make any payment or grant any non-forfeiture provision provided for in this policy to any relative by blood or connection by marriage of the Insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial, or, if the Insured be more than fifteen years of age at the date of this Policy, for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such

payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this Policy have been fully satisfied."

Plaintiff did not claim upon the trial that she presented proof of death. Her theory was that the payment by the defendant under the " facility of payment " clause to Catherine Foley of the sum of $275 on the 20th day of February, 1920, admits of an inference by the court that proof of death either had been received by the defendant or had been waived. This leads to a consideration of the " facility of payment " clause, involving not only the question of waiver but the sufficiency of the defense that the defendant discharged its obligation by paying Mrs. Foley.

The proof is that no premiums on the policy in suit were ever paid to the defendant by the insured. Premiums were in arrears, and the policy was liable to be canceled for non-payment. The insured was indebted to his sister, Catherine Foley, for loans and advances made to him by her, and he delivered the policy to one of the defendant's agents with instructions to deliver it to Mrs. Foley with the suggestion that she pay the arrears and continue to pay the premiums, as they accrued, for her own benefit and protection. Thereafter the premiums in arrears and as they accrued were paid by Catherine Foley, who had possession of the policy up to the time of her brother's death. Claim was made by Mrs. Foley, and on the 20th day of February, 1920, the defendant delivered its check, drawn to the order of Catherine Foley, to her for the sum of $275, " in full for all claims under policy No. 45717632."

Clauses similar to that under which the defendant claims to have discharged its full duty under the policy in suit have been frequently construed by the courts. Such a clause neither grants a cause of action to any one nor takes a cause of action away. Its sole effect is to afford to the insurer an option to make the payment under the policy in good faith to any one within the description of the clause. If payment be made, it is a defense to an action brought subsequently by an executor or administrator. In other words, there is no one within this clause who can legally enforce payment, and the insurer is responsible to the executor or administrator, everything else being equal, unless it has made payment under that clause. (*Nolan* v. *Prudential Insurance Co.*, 139 App. Div. 166; *Ferretti* v. *Prudential Insurance Co.*, 49 Misc. 489; *Ruoff* v. *John Hancock Mut. Life Ins. Co.*, 86 App. Div. 447; *Wokal* v. *Belsky*, 53 id. 167; *Thompson* v. *Prudential Insurance Co.*, 119 id. 666; *Cohen* v. *John Hancock Mutual Life Ins. Co.*, 135 id. 776.) In the case last mentioned, Mr. Justice MILLER, writing the unanimous

opinion of this court, stated that the interest of the estate of a deceased person insured under a similar policy was merely contingent and did not vest upon the death of the insured, adding: " It seems to me that her interest was plainly contingent. She was to be paid unless payment was made to some one else according to the terms of the contract; but whatever interest she had it was expressly made subject to the option of the company to make the payment which it has made."

If payment in full under the " facility of payment " clause is a sufficient compliance with the terms of the policy and a defense to an action by the executor or administrator, I do not see why partial payment under the clause should not be a partial defense to an action subsequently brought. The plaintiff's argument is that the policy must be construed strictly against the company, and, therefore, full payment only, under the policy, can bar an action. With th s I do not agree. If the plaintiff is entitled to recover at all, she is entitled to recover the difference only between the amount paid Catherine Foley and the face of the policy.

But proof of death is a condition precedent to the plaintiff's right to recover. This, as I have stated, was alleged in the complaint and denied by the defendant. While the point is not raised by the defendant, the pla'ntiff is inconsistent in her position. If the payment to Catherine Foley was not a valid payment under the policy, then there can be no waiver of defendant's rights to proof of death as a condition precedent to recover. If the payment be deemed a *pro tanto* discharge of the defendant's responsibility under the policy, then I am of the opinion that such payment may be deemed a waiver of the presentation of proof of death. The purpose of proof of death is but to satisfy the insurer that it is liable upon the policy, and presentation may be waived. Partial payment under the policy recognizes liability. There was no error in granting respondent's motion to amend her complaint.

The next question for determination is whether or not the cause of action alleged in the complaint accrued within six years prior to the date of the commencement of the action. The sufficiency of this pleaded defense depends upon whether or not the cause of action accrued at the death of the insured or upon the appointment of the administratrix of his estate. Defendant's claim is that the time for submission of proof commenced to run immediately upon the death of the insured. But there was no legal obligation upon the part of the defendant to pay to any one but an executor or administrator of the insured. Such a cause of action does not accrue until the administrator has been appointed. (*Conway* v.

*City of New York*, 139 App. Div. 446; *Barnes* v. *City of Brooklyn*, 22 id. 520; *Crapo* v. *City of Syracuse*, 183 N. Y. 395.) These cases are not to be distinguished because they were statutory actions which could not accrue until the appointment of the person designated in the statute as the person authorized to maintain the action. The right to demand, in the instant case, vested in the plaintiff upon her appointment and not in any one before that time, and, therefore, the cause of action did not accrue until the appointment of the plaintiff as administratrix of the estate of the insured. It was the appointment of the administratrix, and not the death of the insured or the submission of the proofs of death, that started the statute running.

At the opening of the trial, plaintiff moved to further amend the complaint by increasing the claim from $300 to $392. Defendant's objection to this was sustained. At the close of the case, however, plaintiff's counsel renewed his motion to amend, upon the theory of conforming the pleadings to the proof. The court denied the motion. The court, having reserved its ruling on the whole case, made its decision containing findings of fact and conclusions of law without in any way reconsidering its decision on the trial which denied plaintiff's motion to amend the complaint. It found as a fact that there was due to the plaintiff the sum of $350, with interest from the 21st day of June, 1919, and as a conclusion of law that the plaintiff is entitled to a judgment for the full amount of the face of the policy, to wit, $350, with interest from the 21st day of June, 1919. But the action was brought to recover $300 upon a policy of insurance, the face amount of which was $392, and a judgment was granted the plaintiff for the sum of $350, with interest. Plaintiff's motion to amend should have been granted. Although denied upon the trial, it appears to have been the intention of the learned court to grant it. He was in error, however, as to the amount. The motion is deemed to have been granted.

The judgment of the City Court of Yonkers should be modified by reducing the amount of the recovery to the sum of $117, with interest from the date of the commencement of this action, and as so modified affirmed, without costs. Findings of fact and conclusions of law inconsistent with this opinion are reversed, and new findings will be made.

LAZANSKY, P. J., KAPPER and CARSWELL, JJ., concur; SCUDDER, J., dissents, with the following memorandum:

SCUDDER, J. (dissenting). The evidence makes it clear to my mind that the policy of insurance upon the life of plaintiff's intestate was not an asset of the insured at the time of his death. His

administratrix, therefore, acquired no title to it or to its proceeds and never was vested with any cause of action upon it. In the lifetime of the insured, he gave the policy to his sister, who kept it alive by paying up the arrears, and thereafter by paying the premiums until the death of the insured. It is contended that because the policy, by its terms, forbade its assignment, title to it remained in the insured. Doubtless the defendant could have raised, and could have availed itself of, this objection, but it could also and it did waive it for the benefit of Mrs. Foley, the sister of insured, because of her strong equities, and it settled with her under the " facility of payment " clause, entirely within defendant's rights. There is no suggestion of fraud. The judgment appealed from, in my opinion, should be reversed.

Judgment of the City Court of Yonkers modified by reducing the amount of the recovery to the sum of $117, with interest from the date of the commencement of this action, and as so modified affirmed, without costs. Findings of fact and conclusions of law inconsistent with this decision are reversed, and new findings will be made. Settle order on notice.