ANNIE MCCARTHY, as Administratrix of the Estate of EDWARD A. MCCARTHY, Deceased, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

(Argued December 5, 1929; decided January 7, 1930.)

*Ralph Earl Prime, Jr.*, for appellant. The Appellate Division erred in merely modifying, instead of reversing *in toto*, the judgment of the City Court of Yonkers in plaintiff's favor. (*Andrews* v. *Cohen*, 221 N. Y. 148; *Cohen* v. *John Hancock Mutual Life Ins. Co.*, 135 App. Div. 776; *Metropolitan Life Ins. Co.* v. *Schaffer*, 50 N. J. 72; *Brennan* v. *Prudential Ins. Co.*, 170 Penn. St. 488; *Thomas* v. *Ins. Co.*, 148 Penn. St. 594; *Sheridan* v. *Prudential Ins. Co.*, 128 Ill. App. 519; *Shea* v. *U. S. Industrial Ins. Co.*, 23 App. Div. 53.)

*John J. Finn* for respondent. The failure of appellant herein, upon the trial of this action, to make any motion at the close of the whole case for a nonsuit or for a dismissal, operated as an admission by him that there was a question of fact to be passed upon by the trial court and as a waiver of any right to have the complaint and case dismissed as a matter of law. (*Spencer* v. *State*, 187 N. Y. 484; *Hopkins* v. *Clark*, 158 N. Y. 299; *Faulkner* v. *Cornell*, 80 App. Div. 161; *Hobson* v. *Condensed Milk Co.*, 25 App. Div. 111; *Greenspan* v. *Newman*, 37 Misc. Rep. 784; *Brown* v. *Levy*, 24 Misc. Rep. 812; *Wright* v. *May*, 29 Misc. Rep. 300; *Hardy* v. *Eagle*, 25 Misc. Rep. 471; *Kraetzer* v. *Thomas*, 23 Misc. Rep. 329; *Kaufman* v. *Canary*, 21 Misc. Rep. 302; *MacAleenan* v. *Bonding Co.*, 232 N. Y. 207; *Liondale Co.* v. *Gerber*, 197 App. Div. 355; *Schaffer* v. *Houck*, 183 App. Div. 283.) The respondent, upon the trial, made out an adequate and complete *prima facie* case. (*McClelland* v. *Mutual Life Ins. Co.*, 151 App. Div. 264; Joyce on Insurance, § 3388; *Westlake* v. *St. Lawrence Ins. Co.*, 14 Barb. 206; *Post* v. *Ætna Ins. Co.*, 43 Barb. 366; *Glazer* v. *Ins. Co.*, 190 N. Y. 6; *Mc Nally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Carpenter* v. *German American Ins. Co.*, 135 N. Y. 303.) The appellant's affirmative defense of the Statute of Limitations is utterly insufficient in law and constitutes no defense to this action in view of the fact that the administratrix herein was

not appointed until September 23, 1926. (*Seymour* v. *Mechanics & Metals Nat. Bank,* 199 App. Div. 715; *Bucklin* v. *Ford,* 5 Barb. 393; *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Jacobus* v. *Colgate,* 217 N. Y. 244; *Barnes* v. *City of Brooklyn,* 22 App. Div. 520.) The only cause of action granted to any one whatever under the terms of this policy, was a cause of action in favor of the executor or administrator so that there could be no compromise or settlement under any circumstances with any one but an executor or administrator. (*Nolan* v. *Prudential Ins. Co.,* 139 App. Div. 166; *Ferretti* v. *Prudential Ins. Co.,* 49 Misc. Rep. 489; *Tarasowski* v. *Prudential Ins. Co.,* 113 Misc. Rep. 250; *Matter of Shanley,* 95 Misc. Rep. 430; *Wachtel* v. *Harrison,* 84 Misc. Rep. 76; *Ruoff* v. *Hancock,* 86 App. Div. 447; *Wokal* v. *Belsky,* 53 App. Div. 167; *Thompson* v. *Prudential Ins. Co.,* 119 App. Div. 668; *Matter of Degenhardt,* 123 Misc. Rep. 763; *Matter of Reiley,* 111 Misc. Rep. 66.)

CRANE, J. On the 14th of October, 1918, The Prudential Insurance Company of America issued its policy of insurance upon the life of Edward A. McCarthy. The policy in part reads as follows:

" THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

" immediately upon receipt of due proof of the death of the Insured during the continuance of this Policy, will pay at its Home Office, Newark, New Jersey, the amount of insurance herein specified, to the executors or administrators of the Insured, unless payment be made under the provisions of the next succeeding paragraph.

" FACILITY OF PAYMENT.— It is understood and agreed that the said Company may make any payment or grant any non-forfeiture provision provided for in this Policy to any relative by blood or connection by marriage of the Insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her

burial, or, . * * * for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment * * * to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this Policy have been fully satisfied."

The amount of the insurance was $392, and the weekly premium forty cents.

Edward A. McCarthy died June 21, 1919, leaving a wife him surviving. On February 20, 1920, the defendant paid by check $275 to McCarthy's sister, Catherine Foley. On the back of the check, which is an exhibit in this case, there is the usual printed form, " This check is in full payment of claim under policy or policies mentioned thereon."

The insured, Edward A. McCarthy, was sick, and could not pay his premiums of forty cents a week. He sent the policy to his sister, Mrs. Foley, who paid them up to the time of his death. This is no doubt the reason why the company paid the sister instead of the wife. The latter testifies that she did not know until later that her husband had this policy. She and the sister were apparently not on good terms.

The company had the right under the above " Facility of Payment " clause, to pay the sister, but could they pay her less than the amount due, and escape liability for the balance? Why the company paid $275 instead of $392 is not explained. Mrs. Foley testified that she was never told the reason and does not know. The agents for the company make no explanation. We have the bare fact that the company, owing $392, with the permission from the deceased to pay any relative, has paid to a sister $275 by a check having on it the words, " Paid in full."

In examining this question we must remember that

the sister had no claim to be paid in full. She had no rights as against the company. (*Nolan* v. *Prudential Ins. Co.*, 139 App. Div. 166; *Cohen* v. *Hancock Mutual Life Ins. Co.*, 135 App. Div. 776.) She could not sue on the policy for the $392. She might have had an equitable claim for the premiums paid, but could maintain no action otherwise. The claim belonged to the executor or administrator of McCarthy's estate. The company agrees to pay to the executors or the administrators of the insured *unless* payment be made under the " Facility of Payment " clause. The claim belonged to the estate. It was a contingent claim, however, subject to the right or privilege of a company to pay any relative. This privilege, however, belonged to the company and was not a right of the relative. If this were not so, which relative could sue on the claim? There might be twenty relatives, any one of which under this clause the company could pay.

The sister, therefore, had no claim to release and she could not receive as against those who had the claim less than full payment. Note the reading of the policy. The company will pay the estate $392 — the full amount — every dollar, unless it pays a relative. Taking a receipt from a relative, or paying ten cents on a dollar is not the payment expressed in, or contemplated by the policy. Not only does the contract provide otherwise, but reasoned interpretation leads to this conclusion. What an opportunity would thus be afforded to get some distant relative to take as payment in full a small part of the amount due! The company has not attempted to settle a disputed claim — even if it could do so — with a relative. There is no evidence of any dispute. We simply have the payment of a less amount than that stated in the policy after the premiums have been paid on an agreement to pay the full amount. The position of the company is unreasonable.

The Appellate Division found that the company should

pay the balance of the claim, the difference between $275 and $392, to the administratrix, in this case the wife. We agree with its conclusion.

The Supreme Court of Pennsylvania has held otherwise in *Brennan* v. *Prudential Ins. Co.* (170 Penn. St. 488), but we are not impressed with the reasoning of the opinion. The case of *State* v. *Schaffer* (50 N. J. L. 72) was a case of full payment and rightly decided. The point was considered in *Sheridan* v. *Prudential Ins. Co.* (128 Ill. App. 519; affd., 230 Ill. 33). (See, also, *Prudential Ins. Co.* v. *Hornell*, Supreme Court Oklahoma, Dec. 10, 1929.) With these industrial policies it would be an unwise rule which would permit settlement with relatives for less than face value.

If there be an honest dispute over the fulfillment of conditions or over liability for any cause, the safe course would be for the company to settle with the administrator who can release the claim. Here, however, we have no such case, as there is no evidence of any settlement of a disputed claim even with the sister.

The insurance company has raised the question of the Statute of Limitations and of the failure to serve proof of loss. The administratrix was not appointed until September 23, 1926, and the action was brought two days thereafter. The statute could not run until there was someone able to sue. In this case no person could bring an action on the claim except the administratrix, and she brought it two days after she was appointed. As to proofs of loss, the fact that the company paid a portion of the claim is a waiver of formal proofs of death. (Joyce on Insurance, § 3388; *Post* v. *Ætna Ins. Co.*, 43 Barb. 351, p. 366.)

The court found, however, as a fact that "in the month of February, 1920, satisfactory proof of death of the said insured, Edward A. McCarthy, was given to the defendant herein." The company was given notice to produce all proofs of loss. Its evidence was that it could

not find any, not that it had not received notice. The fact that the company paid $275 indicates that it had no such defense. There was some evidence, therefore, to sustain the finding, or inferences, at least. As the defendant's lawyer made no motion at the end of the case to dismiss, it is presumed, conclusively, that there was some evidence for the plaintiff on this question of waiver.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.