MARY KANE, as Administratrix of the Goods, etc., of THOMAS KANE, Deceased, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Queens, First District, May 4, 1932.

ACTION to recover proceeds of industrial life insurance policy.

*Irving A. Cook* [*John A. Finn* of counsel], for the plaintiff.

*Dean Potter*, for the defendant.

PETTE, J.   Plaintiff sues to recover the proceeds of an industrial life insurance policy No. 106907967, issued upon the life of plaintiff's intestate September 1, 1930, for $672.   Death occurred January 12, 1931.   The plaintiff is decedent's widow.   She was appointed administratrix July 31, 1931.   This action was begun on the same day, was tried February 10, 1932.   Counsel stipulated on the record that the court might render its decision beyond the time limited by law.

By the terms of the policy the company agreed: " To pay upon receipt of proofs on the death of the insured made in the manner, to the extent and upon the blanks required herein, and upon surrender of this policy and evidence of premium payment hereunder, the amount stipulated in said schedule, to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph."

The next paragraph provides: " may make any payment * * * provided herein to the insured, husband or wife," etc., " and the production of a receipt signed by either of said persons, or of other proof of such payment * * * to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

With respect to the filing of proofs of death, the policy provides under " Conditions " as follows: " Proofs of death shall be made upon blanks to be furnished by the company and shall contain the answer to each question propounded to the claimant, to physicians and to other persons, and shall contain the record, evidence and verdict of the coroner's inquest, if any be held.   All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the company."

With respect to the health of the insured, the policy also provides under " Conditions " that if the insured is " not in sound health on the date hereof," or if he has " within two years before the date

hereof been attended by a physician for any serious disease or complaint," or if " before said date, has had any pulmonary disease," that " the Company may declare this policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, * * *."

The proofs of death were filed with the defendant by Mary Kane, the widow, prior to her appointment as administratrix. The claimant's statement, the death certificate and the physician's statement (Defendant's Exhibits 3, 4, and 5 respectively) all state that the cause of death was " Chronic Pulmonary Tuberculosis." Claiming that the assured was suffering from that disease at the time the policy was issued, the company refused to pay the proceeds of the policy, but paid over to the widow, as such, $11.90, the amount of the premiums, and obtained a " Claimant's Receipt and Release " (Defendant's Exhibit 7) from her.

The complaint alleges that there was compliance with all of the conditions of the insurance contract, and also with respect to the filing of proofs of death.

The answer admits that proofs of death were filed by the widow, and the plaintiff's counsel conceded upon the trial that no proofs were ever filed by plaintiff as administratrix. The complaint pleads that the company waived the requirements as to the filing of proofs of death by plaintiff, as administratrix, through the payment of part of the claim, and also by disclaiming liability. The defendant denies any waiver.

The complaint gives credit for the $11.90 premiums paid by the company to the widow, and demands judgment for $658.10, being the difference between said amount and the face value of the policy. The answer demands judgment of dismissal. At the close of the plaintiff's case, the proofs of death not then being in evidence, defendant moved to dismiss upon the ground that compliance with the conditions precedent of the policy had not been shown, in that plaintiff had not proven that the required proofs of death had been filed. At the close of the case both plaintiff and defendant moved for judgment.

The main question litigated is as to the admissibility and effect of the proofs of death filed by Mary Kane, as decedent's widow and claimant under the policy. Upon the trial, the plaintiff having caused the proofs to be produced, offered them for identification only. The defendant thereupon offered the same papers in evidence. Plaintiff objected upon the ground that the proofs having been filed by the widow, were not binding upon the administratrix. Separate objection was also made to the reception of the physician's

statement (Defendant's Exhibit 5), under section 352 of the Civil Practice Act, relating to the disclosure of professional information. The court admitted the three papers as defendant's Exhibits 3, 4 and 5, but reserved decision as to their admissibility and effect.

If the proofs of death furnished by Mary Kane, as the widow, are properly in evidence, and if the physician's statement furnishes proof that deceased was afflicted with the pulmonary disease, then defendant is entitled to judgment. The converse necessitates judgment for plaintiff upon the ground that defendant has failed to establish a breach of policy condition in that the insured was suffering from the disease claimed.

Under the terms of the policy, the payment was to be made primarily to the executor or administrator of the insured, or in the alternative, to the wife, as one of the class of persons stated in the " facility of payment " clause. Here the company refused to pay the face value of the policy, but returned only the premiums to the wife, and obtained her combined receipt and release, which recites that in consideration of the payment, that is, the returned premiums, " the undersigned hereby releases and forever discharges said (company) of and from all manner of claims and demands whatsoever, arising under or by reason of the above-numbered policy."

It will be noticed that the claim was essentially one perhaps not vested in (*Cohen* v. *John Hancock M. L. Ins. Co.*, 135 App. Div. 776), but belonging to the estate, contingent, however, upon the company's exercise of its privilege or option to pay any relative. The wife, as such, had no right of claim against the company. The company could, if it choose, pay the wife, but it need not do so. Of course the optional clause does not enable the company to escape making payment or defeat the claim of the proper claimant by exercising the option in bad faith. (*Cohen* v. *John Hancock M. L. Ins. Co.*, *supra*.) Hence, the wife, as such, had no claim which she could release. That proposition has been settled by the Appellate Division in this department, and through affirmance, by the Court of Appeals in *McCarthy* v. *Prudential Life Ins. Co.* (224 App. Div. 350; affd., 252 N. Y. 459), in which case, upon a similar form of policy, the company settled with the sister of the insured who gave a release, and it was held that as against the administrator the release was invalid. The fact that the wife and the administratrix happen to be the same person does not alter the situation. (*Smith* v. *Prudential Ins. Co.*, 147 App. Div. 580.)

There is no express requirement in the policy as to who shall file proofs of death. It is merely provided that each question upon the blanks furnished by the company shall be answered by the claimant. Here the claimant was the wife, and as such she filed proofs of

death. The fact is, therefore, that proofs of death were actually filed with the company upon its blanks. The eleventh paragraph of the answer so admits.

For that reason it was not necessary to the plaintiff's cause of action to put the proofs of death in evidence. (*Smith* v. *Prudential Life Ins. Co., supra.*) This makes it unnecessary to consider any question of waiver submitted by plaintiff. Under the circumstances, the fact that plaintiff, as administratrix, did not furnish the proofs, does not sustain the objection that proofs of death have not been furnished pursuant to the terms of the policy. Plaintiff, in her representative capacity, could rely upon the fact of the filing of the proofs by herself in her individual capacity. (*Kelly* v. *Metropolitan Life Ins. Co.*, 15 App. Div. 220.) That case, decided in this department, is exactly. in point. There the proofs were filed by plaintiff's aunt, who was also a claimant under a policy not substantially different from the one at bar.

With the fact of the filing of the proofs of death established, thereby satisfying the requirements of the policy, the question of whether the claimant's and physician's statements and the death certificate are binding upon this plaintiff as the administratrix, will now be considered. In *Rudolph* v. *Hancock M. L. Ins. Co.* (251 N. Y. 208) it was held that the physician's certificate, containing facts which militate against the claimant, is not competent original evidence, for the reason that since the physician's testimony as to the facts stated in the certificate would constitute a violation of the privileged communications rule, the certificate itself should be excluded; but that it is competent " as an admission by claimant that the facts are as stated." But it will be observed that in the *Rudolph* case the proofs had been filed by the claimant, who was the mother of the deceased, and she was also the plaintiff, so that the contents of the statements were held to be an admission against interest.

In the case at bar, however, the claimant's statement was made by the wife, as such, and the medical and death certificates were annexed to it by her, as the wife. This action, in legal contemplation, was instituted by a different person, to wit, by the wife, as administratrix, representing the estate, to which the company was principally obligated.

The statements contained in the proofs of death showing a breach of conditions relating to decedent's health were the personal admissions of the wife, but were not in any sense the admissions of the representative of the estate. They were prejudicial to the rights of the estate, and are incompetent and irrelevant. (*Smith* v. *Prudential Ins. Co., supra.*) That case is squarely controlling

upon the proposition under consideration. It was there unanimously directly held that the proofs of death containing matter which would defeat the claim, filed by the widow, were not competent evidence against her in her representative capacity, upon the ground that "a personal admission against the interests of the estate is not an act for the benefit of the estate," and that "the doctrine that letters of administration relate back to acts done between the death of the intestate and the taking out of letters of administration exists only in those cases where the act was done for the benefit of the estate." Whatever may have been held, contrary to the rule of the *Smith* case, in other judicial departments, and with due deference to their authority (*Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461, First Department, and *Vecchio* v. *Metropolitan Life Ins. Co.*, 224 id. 301, Third Department), this court is constrained to follow the rule of its own appellate court until reversed, especially in view of the fact that the *Smith* case appears to have been followed by this court by several judges, and by the same Appellate Division, and has never been criticized since it was decided about twenty years ago, in any reported opinion, except by the dissent of the presiding judge in this department in *Castronuovo* v. *Hancock M. L. Ins. Co.* (235 App. Div. 633), which may lead the way to a review by the highest court. (*Jones* v. *N. Y. R. R. Co.*, 29 Barb. 633; *Charles* v. *Arthur*, 84 N. Y. Supp. 284, not officially reported; *Maass* v. *Rosenthal*, 62 Misc. 350; *Johannessen* v. *Johannessen*, 70 id. 361; *Matter of Starr Street*, 73 id. 380.)

It has been seen that the widow, as such, had no right or power to release the defendant from liability upon its insurance contract, and that defendant's Exhibit 2, so far as it purports to release the company " of and from all manner of claims and demands whatsoever, arising under or by reason of the above-numbered policy," is not binding upon plaintiff, and is of no legal effect here. It has also been demonstrated that the proofs of death are not binding upon plaintiff in her representative capacity, and are incompetent. Plaintiff made a sufficient *prima facie* case without them. The record is devoid of any proof establishing a breach of condition as to health, defendant not having offered any affirmative proof on that subject in support of its defense, other than said proofs of death.

It follows that plaintiff is entitled to judgment for the sum of $658.10, with interest from January 12, 1931, the date of death of plaintiff's intestate.