CATHERINE BROWN, as Administratrix of JAMES BROWN, Deceased, Plaintiff, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASS., Defendant.

Municipal Court of New York, Borough of Queens, Sixth District, October 18, 1932.

*Irving A. Cook* [*John J. Finn* of counsel], for the plaintiff.

*Hirsh, Newman, Reass & Becker* [*Irving Moldauer* of counsel], for the defendant.

KEITH, J. This is an action brought to recover the balance alleged to be due of the proceeds of an industrial life insurance policy issued upon the life of plaintiff's intestate February 27, 1929, amounting to $480. The death of the insured occurred on the 6th day of May, 1929. Plaintiff is decedent's widow. She was appointed administratrix on the 13th day of July, 1929, by letters duly issued out of the Surrogate's Court of Kings county. Action

was taken against the defendant on the 11th day of May, 1932, and was tried on the 24th and 25th days of June, 1932. Counsel stipulated on the record that the court might render its decision beyond the time limited by law.

The policy is in part in the following form:

" The John Hancock Mutual Life Insurance Company of Boston, Massachusetts

" In consideration of the payment of the premium stipulated herein on or before each Wednesday during the continuance of this policy until premium payments cease by the terms hereof, grants this insurance with the privilege and benefits and subject to the conditions and provisions on this and the three following pages which are hereby made a part of this contract and constitute the entire contract between the parties hereto.

| Policy Number 19224144 | | Date February 27, 1929 | |
|---|---|---|---|
| Name of Insured James Brown | Name of Beneficiary Catherine Brown | Relationship to Insured Catherine | |
| Full Policy Amount 480 Dollars | Age next birthday 45 years | Weekly Premium 50 cents | Agent 1941 |

" On satisfactory proof of the death of the insured made in the manner and to the extent required herein and upon surrender of the policy and Premium Receipt Books, the Company will pay the amount due hereunder."

Immediately after using the language already referred to, the policy contains the usual " Facility of Payment Clause," in which it is provided:

" The Company may make any payment or grant any non-forfeiture benefit provided herein either to the beneficiary above named, if living, or to such other living beneficiary as may be duly and finally designated, and recognized by endorsement hereon, or to the Executor or Administrator of said Insured or to any relative by blood or connection by marriage, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the Insured for burial or for any other purpose; and the receipt of any such payee shall be conclusive evidence that payment has been made to the person or

persons entitled thereto and that all claims under this policy have been fully satisfied.

" This policy shall not take effect unless upon its date the Insured shall be alive and in sound health and the premium duly paid."

There is no question of breach of warranty involved, but the policy does contain the following express condition:

" *Policy When Void.* This policy shall be void: (1) If the Insured has been rejected for insurance by this or any other company, society or order; or has attended any hospital or institution of any kind engaged in the care of human health or disease, or has been attended by any physician, within two years before the date hereof, for any serious disease, complaint or operation; or has had before said date any pulmonary disease, cancer, sarcoma, or disease of the heart or kidneys; unless each such rejection, medical and hospital attendance and previous disease is specifically waived by an endorsement in the space for endorsements on Page 4 hereof signed by the Secretary; (2) or if an Industrial or Weekly Premium Policy previously issued by this Company on the life of the Insured shall be in force on the date hereof or running as extended insurance, unless this policy bears an endorsement signed by the Secretary authorizing its continuance in addition to such previously issued insurance. The Company shall not be presumed or held to know of the issue of any prior policy or to know of any prior rejection."

The policy contains the additional clause as to proof of claim:

" *Proof of Claim.* In case of death of the Insured, proofs of claim shall be made on blanks to be provided by the Company and shall contain full answers of the claimant, physician and other person to all the questions asked therein and shall conform to all the requirements thereof."

The proofs of death were filed with the defendant by Catherine Brown, the widow, prior to her appointment as administratrix. The evidence showed to the satisfaction of the court that, at the time of the filing of the proofs of death, the representative of the company informed Mrs. Brown, the widow, that they had information that the insured had breached the condition of the policy and that they would not allow the claim, but that, if she wished to settle the same, they would return to her the premiums received by the company, amounting to seven dollars, in which event she must execute a release to the company of all claims. At the same time they paid her the amount of another policy which the insured had in the same company. She accepted this proposition and executed and delivered to the company the following release:

" Whereas a dispute has arisen as to the validity of policy numbered 19224144 for the sum of $480 issued by the John Hancock

Mutual Life Insurance Company on the life of James J. Brown, now deceased, and it is deemed best that the matter be finally settled,

" Now therefore, I, Catherine Brown, hereby acknowledge to have received from said Company Seven Dollars ($7.00) being the full amount paid as premiums on said policy, in full settlement and satisfaction, and hereby release and forever discharge said Company from all claim and demand whatever on account of or arising out of or relating to said policy or by reason of premiums paid thereon; and I hereby covenant that I am the sole owner and holder of said policy and entitled to have and receive all moneys payable thereunder, and that I will save said Company harmless from all cost, demand and damage by reason thereof.

" Witness my hand and seal, this 9th day of May, 1929.

" [Seal]          [Signed]   CATHERINE BROWN.

" In presence of:
     " CHARLES E. MOORE.

" State of New York, County of Kings — ss.

" On this 9 day of May, 1929, before me personally appeared Catherine Brown to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

     " [Signed]   CHARLES E. MOORE,
" [Official Seal.]                    *Notary Public.*"

In its answer the defendant company sets up, among other defenses, the following:

" *Eleventh.* That in and by the terms of said policy, it was specifically provided that said policy should be void if the insured were not alive and in sound health upon the date of said policy.

" *Twelfth.* That upon the date of said policy, the insured was not in sound health, but was then and for some time prior thereto had been suffering from serious diseases and ailments.

" *Thirteenth.* That promptly upon learning of the matters set forth in the preceding paragraph and as otherwise set forth in this answer relating to the ill health of the insured and the medical treatment which had been accorded to him, this defendant duly and unconditionally tendered to Catherine Brown, the widow of the insured and the person designated in said policy as the beneficiary thereunder, the sum of $7.00, being the aggregate sum of the premiums paid upon said policy, together with the original policy, at the same time refusing to be further bound by the aforesaid policy.

" *Fourteenth.* That the premiums so tendered by the defendant to the aforesaid Catherine Brown were accepted by her and she, at that time, authorized the defendant, in pursuance of such acceptance, to retain the aforesaid policy."

They also set up as a defense: " That heretofore and on or about the 9th day of May, 1929, and before the commencement of this action, the aforesaid Catherine Brown, for a valuable consideration, executed a release in writing and under seal, whereby she acknowledged full settlement and satisfaction of any and all claims or causes of action which she might have under said policy, and released and discharged this defendant from any and all liability on the policy set forth in the complaint herein."

The defendant urges that the present plaintiff suing as administratrix is not the proper party to bring this action, but that the widow, as the designated beneficiary in the policy, was the only person entitled to bring a proceeding in the first instance.

If the defendant's position be sustained, it must logically follow that plaintiff's contention as to the invalidity of the settlement and release must fail, since the power to sue ordinarily carries with it the power to settle. The court is of the opinion that the defendant is correct in its contention that the administratrix had no right to institute this action. In the case of *Kane* v. *Metropolitan Life Ins. Co.* (143 Misc. 631, 634), decided by Mr. Justice PETTE of the Municipal Court, May 4, 1932, it is to be noted that the executrix or administratrix was named as beneficiary in the body of the policy and the widow was named among the group in the " Facility of Payment Clause." The learned justice, for whose opinion the court has the highest respect, in speaking of the rights of the administratrix in that case, used the following language: " It will be noticed that the claim was essentially one perhaps not vested in (*Cohen* v. *John Hancock Mutual Life Ins. Co.*, 135 App. Div. 776), but belonging to the estate, contingent, however, upon the company's exercise of its privilege or option to pay any relative. The wife, as such, had no right of claim against the company. The company could, if it choose, pay the wife, but it need not do so. Of course the optional clause does not enable the company to escape making payment or defeat the claim of the proper claimant by exercising the option in bad faith. (*Cohen* v. *John Hancock Mutual Life Insurance Co.*, *supra.*) Hence, the wife, as such, had no claim which she could, release. That proposition has been settled by the Appellate Division in this department, and through affirmance, by the Court of Appeals in *McCarthy* v. *Prudential Ins. Co.* (224 App. Div. 350; affd., 252 N. Y. 459), in which case, upon a similar form of policy, the company settled with the sister of the insured who gave a release, and it was held that as against the administrator the release was invalid. The fact that the wife and the administratrix happen to be the same person does not alter the situation. (*Smith* v. *Prudential Ins. Co.*, 147 App. Div. 580.) "

If we transpose this language to fit the facts of the instant case where, in the body of the policy, the widow, Catherine Brown, is named as beneficiary and the executrix or administratrix is named in the " Facility of Payment Clause," we can, with propriety, use the following language in line with that decision: " It will be noticed that the claim was essentially one, perhaps not vested in, but belonging to the widow beneficiary, contingent, however, upon the company's exercise of its privilege or option to pay any relative. The executrix or administratrix, as such, had no right of claim against the company. The company could, if it choose, pay the executrix or administratrix, but it need not do so."

So also may we, by the proper transposition of words to meet the facts in the instant case, employ the following language in consonance with Judge CRANE's very able opinion in the Court of Appeals in the case of *McCarthy* v. *Prudential Ins. Co.* (252 N. Y. 459, 462): " In examining this question we must remember that the sister had no claim to be paid in full. She had no rights as against the company. * * * She could not sue on the policy * * *. The claim belonged to the executor or administrator of McCarthy's estate. The company agrees to pay to the executors or the administrators of the insured unless payment be made under the ' Facility of Payment Clause.' The claim belonged to the estate. It was a contingent claim, however, subject to the right or privilege of a company to pay any relative. This privilege, however, belonged to the company and was not a right of the relative."

The plaintiff relies very strongly upon the cases of *Mandi* v. *John Hancock Mutual Life Ins. Co.* and *Castronuovo* v. *John Hancock Mutual Life Ins. Co.* (235 App. Div. 633) to support his contention that the administratrix is the proper party plaintiff, and in doing so he points out that in those cases the policies were in the same form as in the present action. There is no question but that this court would be bound to follow those decisions of the Appellate Division and Appellate Term in this Department could they not be readily distinguished from the instant case. It is to be noted that in both the *Mandi* and *Castronuovo* cases the beneficiary named in the policy refused to settle with the company, and, by suing as executrix or administratrix, indicated her intention to waive and abdicate her rights as beneficiary. The policy became payable, therefore, in those cases, to the estate of the deceased, there being no beneficiary in existence who would accept payment of the same or the benefits thereunder, and it naturally followed that the administratrix was the proper person to institute the action, not, however, because the administratrix was mentioned in the " Facility of Payment Clause," but because there was, in effect, no beneficiary

who would accept the benefits thereunder. The situation was the same as if no beneficiary had been named in the policy, in which event it would, of course, be payable in the first instance to the estate of the insured.

Where a beneficiary is specifically named in the policy, however, and in good faith settles the claim and executes a general release, as in the case at bar, the " res " upon which the action must be based is gone, and there is nothing left on which an action may be instituted by the administratrix or any other person. The word " beneficiary " as used in this policy must mean something. It is reasonable to assume that it has its ordinary application and designates the person intended to receive the benefits under the policy. When the company promises to pay the policy, it must be held to be a promise to pay some one designated therein, and who can be logically held to be the designee intended to receive the benefits, but the person specifically named as beneficiary, in this case the widow, Catherine Brown. (*Ruoff* v. *John Hancock Mutual Life Ins. Co.*, 86 App. Div. 447; *Cohen* v. *John Hancock Mutual Life Ins. Co.*, 135 id. 776, at p. 778; *Golden* v. *Metropolitan Life Ins. Co.*, 35 id. 569; *McNamara* v. *Knights of Columbus*, 206 id. 364; *Matter of O'Neill*, 143 Misc. 69, at pp. 73 and 75; *Dickin* v. *John Hancock Mut. Life Ins. Co.*, 142 id. 452; *Metropolitan Life Ins. Co.* v. *Hooppel*, 76 N. J. Eq. 94; *Metropolitan Life Ins. Co.* v. *Schaffer*, 50 N. J. Law, 72.)

Judgment should, therefore, be rendered for the defendant.