FISHKILL LANDING LUMBER COMPANY, INC., Respondent, v. MARIE THERESA LLAVERIA, Sued Herein as MARIE THERESA SLAVERIA, Also Known as MARIE THERESA SILVERIA, Appellant.— Judgment of the County Court of Dutchess county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

HEIMAN HIMOVITCH, Appellant, v. THOMAS O'DOWD, Respondent.— Judgment dismissing the complaint at the close of plaintiff's case reversed on the law and a new trial granted, with costs to appellant to abide the event, on the ground that the claimed failure of defendant adequately to light the passageway required a submission of the cause to the jury. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

CLARENCE E. HOLMES, Appellant, v. LOUIS FIENLEIB, Respondent.— Order denying plaintiff's motion for change of venue reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs. The showing made by the plaintiff with respect to the convenience of witnesses whose convenience may be considered preponderates over that made by the defendant. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

In the Matter of the Application of OSBORNE TRUST COMPANY, Appellant, for the Removal of WILLIAM C. FOSTER and Others, Respondents, from Certain Premises.— Order of the County Court of Suffolk county directing that a copy of the answer of William C. Foster be deemed a part of the papers on which the appeal to said County Court shall be heard affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

In the Matter of the Application of THOMSON WOOD FINISHING COMPANY, Appellant, for an Order Summarily Discharging from the Record a Notice of Lien, Pursuant to Section 21, Subdivision 7, of the Lien Law, as Amended by the Laws of 1930, Chapter 859, in Effect October 1st, 1930. JAMES MATVIENKO and MICHAEL SCHMATKO, Copartners Doing Business as WEST END PAINTING AND DECORATING COMPANY, Lienor, Respondents.— Order denying motion to vacate notice of mechanic's lien reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Under the terms of the contract, the contractor, Aratzkoff, was entitled to his final payment on the Thomas Jefferson High School work upon the completion of such work, on August 2, 1932, without reference to the work to be performed on any other building or buildings covered by said contract, and the respondents' time within which to file a notice of mechanic's lien began to run on that date, and, not having filed a notice of lien until February, 1933, they have no lien upon the premises for moneys due the contractor by the city under the Aratzkoff contract. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

J. D. JOHNSON CO., INC., Appellant, v. BOERUM HOLDING CORPORATION, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

MARY KANE, as Administratrix, etc., of THOMAS KANE, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Order of the Appellate Term unanimously affirmed, with costs, on the authority of Strang v. Prudential Ins. Co. (263 N. Y. 71). Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ. [143 Misc. 631.]