LENA ZAHN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Second Department, March 12, 1937.

*Charles B. La Voe*, for the appellant.

*Irving L. Berg*, for the respondent.

PER CURIAM. The appeal is by permission of this court from an order or determination of the Appellate Term, Second Department, affirming a judgment for plaintiff in the Municipal Court. She there recovered about $200, the amount payable on two policies of insurance containing a " facility of payment " clause. The insured had

lived a considerable portion of the time in the family of the plaintiff, and was a friend of her late husband and herself. He had limited earning capacity and to a certain extent the plaintiff provided for his support. The insured had no property and no known relatives. Plaintiff, solicited by defendant's agent, took out policies for the principal purpose of paying for the burial of the insured. At that time there was an agreement with the agent that if the plaintiff paid the premiums and held the policies the amount would be paid to her on the death of the insured. She paid the initial premium and continued to pay all the premiums. Later, the insured signed a request on a company form that the plaintiff be made the beneficiary. This not only indicated his selection of a beneficiary but was tantamount to an assignment of the policy.

The insured died in a hospital and, as soon as the plaintiff learned of it, she attempted to provide for his burial. The defendant did not pay promptly, and the insured was buried at the expense of the city. After the plaintiff had made her claim, the company, with knowledge of the facts, finally paid the amount due on the policies to the welfare department of the city, claiming to act under the provisions of section 129 of the Public Welfare Law. That section grants a preferred claim in the case when the estate of the assured is named as a beneficiary or no beneficiary is named. In this case no executor or administrator had been appointed. Of course, the section cannot destroy or defeat vested rights.

While it may be that in general one of the members of a class named in the " facility of payment " clause of such a policy has no claim against the company and no right to sue on the policy solely by reason of being a member of the class (*McCarthy* v. *Prudential Insurance Co.*, 224 App. Div. 350; 252 N. Y. 459, 463), such right may be acquired in the course of dealing with the insured and the company by agreement, by assignment or election of the insured of his beneficiary recognized expressly or impliedly by the company, and by payment of premiums under circumstances which make the claimant " equitably entitled " to receive payment of the amount of the policy or a definite part thereof. If the company undertakes the duty to make choice of a beneficiary " equitably entitled to the same," it must act in accord with equitable principles and not arbitrarily. (*Shea* v. *United States Industrial Ins. Co.*, 23 App. Div. 53; *Foryciarz* v. *Prudential Ins. Co.*, 95 Misc. 306; affd., 177 App. Div. 952; *Zornow* v. *Prudential Ins. Co.*, 210 id. 339.)

The payment made by the defendant in this case was not justified under the facts here disclosed. The rights of the plaintiff had become reasonably well fixed before those of the welfare officials arose.

There would have been no insurance if plaintiff had not paid the premiums under the agreement that payment would be made to her. Her rights are superior, and should have been recognized.

The order should be affirmed, with costs.

Present — LAZANSKY, P. J. HAGARTY, DAVIS, JOHNSTON and CLOSE, JJ.

Order of Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, unanimously affirmed, with costs.