CATHERINE CRAIG, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

First Department, April 9, 1937.

*Charles B. LaVoe* of counsel [*Tanner, Sillcocks & Friend,* attorneys], for the appellant.

*Harry P. Albert,* for the respondent.

GLENNON, J. This is an appeal by the defendant from the determination of the Appellate Term of the Supreme Court, affirming a judgment in favor of the plaintiff against the defendant in the Municipal Court. Mr. Justice CALLAHAN dissented from the conclusion reached by his associates, on the ground that plaintiff failed to establish any right to recover on the policy in an action at law. We think his views are well founded.

The facts are comparatively simple. On or about July 1, 1934, the defendant issued its policy of insurance in the sum of $500 on the life of one Lillian Craig. The policy by its terms was payable to the executor or administrator of the insured unless payment should be made by the company under the " Facility of Payment " clause, which reads as follows: " The Company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

The plaintiff, a sister of the deceased, is not the executrix or administratrix of the insured's estate. Her claim for recovery is based on the fact that she paid all premiums on the policy; that the insured was indebted to the plaintiff, " and that the insured informed the agent of the defendant that she wished the plaintiff to be the beneficiary under the policy, to which wish the agent acquiesced."

One of the difficulties with which plaintiff is confronted is that there is no evidence in this case indicating that the agent had authority to vary the contract of insurance which provides in part as follows: " This policy constitutes the entire agreement between the Company and the insured and the holder and owner hereof.

Its terms cannot be changed or its conditions varied except by the express agreement of the Company, evidenced by the signature of its President or Secretary. Therefore, agents (which term includes also managers, superintendents and assistant managers) are not authorized and have no power to make, alter or discharge contracts." Furthermore, the policy was issued by the defendant company prior to the time the conversation, upon which the plaintiff relies, was had between the deceased and the defendant's representative. There is no evidence of fraud on the part of the defendant or its representative.

Plaintiff takes the position that the case of *Shea* v. *United States Industrial Ins. Co.* (23 App. Div. 53) is controlling and should be applied. That case is readily distinguishable. There, said Mr. Justice HATCH: " At the times when the policies were issued, the agent who then represented the company stated to the plaintiff that, as she was a blood relative of the insured, she would be the beneficiary therein, and entitled to the amount of the insurance if she paid the premiums as required. It also appeared that the plaintiff could neither read nor write; that the contract of insurance was not read to her, except that part of it which provided for payment to any relative by blood or connection by marriage of the insured. It also appeared that the superintendent of the defendant company instructed agents in soliciting insurance to represent that a blood relative, or a relative by marriage of the insured, could become a beneficiary under the policy, and that if such person held the certificate and paid the premiums, and was in good standing when the insured died, upon making proper proof of death, such person would become the legal beneficiary. And the agent in this case testified that he made such representation to the plaintiff when she took out the policies of insurance upon the life of her daughter. It also appeared that the company had recognized such persons as beneficiaries under like policies and had paid losses, by death, in other cases, where the beneficiary was a blood relative. This testimony was sufficient to authorize a jury in finding that the company became bound in accordance with such representations." Here, the plaintiff is far from being illiterate, as her testimony shows. She and the deceased examined the policy and conferred with the company's agent concerning the beneficiary clause at the time of delivery. In the *Shea* case the superintendent of the company instructed its agent to make the representations upon which the plaintiff relied. Here, no such instructions were given. There also, the company " had recognized such persons as beneficiaries under like policies and had paid losses, by death, in other cases, where the beneficiary was a blood relative." Here, there

was no evidence offered that the defendant followed a similar practice. We believe the *Shea* case should be confined to its own particular facts.

The " facility of payment " clause does not help the plaintiff to sustain the judgment. In discussing a similar clause in *McCarthy* v. *Prudential Ins. Co.* (252 N. Y. 459), Judge CRANE said: " In examining this question we must remember that the sister had no claim to be paid in full. She had no rights as against the company. (*Nolan* v. *Prudential Ins. Co.*, 139 App. Div. 166; *Cohen* v. *Hancock Mutual Life Ins. Co.*, 135 App. Div. 776.) She could not sue on the policy for the $392. She might have had an equitable claim for the premiums paid, but could maintain no action otherwise. The claim belonged to the executor or administrator of McCarthy's estate. The company agrees to pay to the executors or the administrators of the insured unless payment be made under the ' Facility of Payment ' clause. The claim belonged to the estate. It was a contingent claim, however, subject to the right or privilege of a company to pay any relative. This privilege, however, belonged to the company and was not a right of the relative. If this were .not so, which relative could sue on the claim? There might be twenty relatives, any one of which under this clause the company could pay."

For the reasons stated, the determination appealed from and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs in all courts to the appellant.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Determination appealed from and judgment of the Municipal Court unanimously reversed and the complaint dismissed, with costs in all courts to the appellant.