AGNES K. DONLAN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, Second Department, June 18, 1943.

*Eugene T. O'Neill* for appellant.

*Michael H. Graham* for respondent.

MEMORANDUM *Per Curiam.* Judgment unanimously reversed upon the law, with thirty dollars costs to the defendant, and complaint dismissed with appropriate costs in the court below.

Plaintiff sues to recover the proceeds of three policies of insurance of the industrial type containing the so-called " facility of payment " clauses. Plaintiff paid the premiums and retained possession of the policies until the death of the insured. At the time of the issuance of the third policy, in which the estate of the insured was designated beneficiary, defendant's agent represented that plaintiff would be entitled to payment of the proceeds if she paid the premiums as required and retained possession of the policy. Each of the policies contained the usual clause providing that agents " are not authorized and have no power to make, alter or discharge contracts * * *." Upon the death of the insured the proceeds of the policies were paid to the Department of Welfare which had awarded relief benefits to the insured during her lifetime in a sum exceeding the face amounts of the policies.

With respect to the first and second policies concerning which no representations were made by the agent, the fact that plaintiff paid the premiums gave her no right to maintain any action thereon. (*McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459, 463.)

With respect to the third policy, there was no advance election binding on the defendant to recognize the plaintiff as the beneficiary. It has been held that an agent with authority to solicit insurance and collect premiums may bind the company by representations at variance with the terms of the contract with respect to the beneficiary designation when such representations are made prior to the issuance of the policy, even though by express provision of the policy the agent's authority in that respect is proscribed. (*Shea* v. *U. S. Ind. Ins. Co.*, 23 App. Div. 53; *Booker* v. *Prudential Ins. Co.*, No. 771, September, 1935, Appellate Term, Second Dept., affd. 248 App. Div. 586; *Corbett* v. *Prudential Ins. Co.*, No. 739, December, 1939, Appellate Term, Second Dept., leave to appeal to Appellate Division denied, 258 App. Div. 1064 [*contra, Kasper* v. *Metropolitan Life Ins. Co.*, 244 App. Div. 508]; cf. *Craig* v. *Metropolitan Life Ins. Co.*, 250 App. Div. 561 and *Zahn* v. *Metropolitan Life Ins. Co.*, 250 App. Div. 231.) The decisions applying the rule of " present election " proceed on the theory that until the policy is issued and accepted the insured can have no notice of the limitation on the agent's authority. Here plaintiff may not plead ignorance of the policy provisions, for at the time of the issuance of the third policy she had in her possession three other policies of the same type, all issued by the defendant on the life of the insured and all of which contained like provisions. No opinion.

MacCrate, McCooey and Steinbrink, JJ., concur.