AGNES K. DONLAN, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Appeal from an order of the Appellate Term reversing on the law a judgment of the Municipal Court of the City of New York, borough of Brooklyn, for plaintiff and dismissing the complaint. The action was to recover the proceeds of three industrial policies of life insurance on the ground that payment thereof should have been made, under the facility of payment clause, to plaintiff, rather than to the Department of Welfare of the City of New York. Order unanimously affirmed, with costs. In accordance with the provisions of the facility of payment clause and section 129 of the Public Welfare Law (now

Social Welfare Law, § 105) the defendant was justified in making payment to the Department of Welfare in discharge of its obligation to take the equitable circumstances into consideration, in the light of the fact that the Department of Welfare had cared for and maintained the insured from January 1, 1931, to November 1, 1937, at a cost of $1,669, and stood ready to pay the expenses of a funeral at minimum cost, or to the extent of $250. In fact, it did pay to plaintiff the sum of $115.62, and she received, in addition, as the proceeds of a policy not in suit, the sum of $134.48. This case is to be distinguished, on the facts, from the determination in *Zahn* v. *Metropolitan Life Ins. Co.* (250 App. Div. 231) where the alleged equitable claim of the Welfare Department arose from the fact that the insured had been interred in the public burial ground. Plaintiff cannot invoke an alleged oral agreement on the part of the defendant, made at the time of the application for the third policy in suit, to pay to her the proceeds of the policy on the death of the insured. The express provision of the policy enabled the defendant to make payment to the representative of the estate of the insured unless payment were made under the facility of payment clause. In electing to proceed under the facility of payment clause, the defendant was entitled to make payment to any one within its scope who had a substantial equitable claim thereto. The express terms of the policy and not the alleged prior oral agreement control. (*Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411.) The agreement did not relate to the valid inception of the policy. (Cf. *Archer* v. *Equitable Life Assurance Society*, 218 N. Y. 18; *Bible* v. *John Hancock M. L. Ins. Co.*, 256 N. Y. 458; *Lampke* v. *Metropolitan Life Ins. Co.*, 279 N. Y. 157.) The expressions in the opinion in *Shea* v. *United States Industrial Ins. Co.* (23 App. Div. 53) with respect to the validity of a prior oral agreement were unnecessary to the determination in that case. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ. [180 Misc. 528.]