Lloyd I. Herzka, J.
In an action for a declaratory judgment, plaintiff moves to strike defendants’ answer and counterclaim for summary judgment. The action arises out of a policy of life insurance issued to one Thomas Curran by the Prudential Insurance Company of America, in which plaintiff herein is *104 designated as the beneficiary. The policy was issued on June 25, 1956 and on July 5, 1956 the assured died as the result of an accident. Plaintiff has filed a proof of loss under the terms of the policy and now claims the proceeds thereof. Defendants Nakelski also made claim upon the proceeds. The latters’ claim is based upon the alleged facts that they raised the assured since he was an infant; that they paid the first and only premium for the policy; and that the assured stated on the day that he died that it was his intention to change the beneficiary to Mrs. Nakelski. The insurance company has deposited the proceeds of the policy in the court and the action has been discontinued against it.
The motion is granted in all respects. Although equity will seek to do what the assured apparently intended to have done, aid will be denied where the assured failed to do all which might reasonably have been possible to effectuate his wishes (Finger v. Treitler, 52 N. Y. S. 2d 841; Matter of O’Neill, 143 Misc. 69; Schoenholz v. New York Life Ins. Co., 234 N. Y. 24; Greenfield v. Massachusetts Mut. Life Ins. Co., 253 App. Div. 51). The answering affidavit having failed to show any overt act towards the fulfillment of the assured’s intention, nothing is presented to the court to create a triable issue. The allegation that defendants paid the premium for the assured is of no aid to defendants. At most they might have an equitable claim for the premium paid but could have no action otherwise (Craig v. Metropolitan Life Ins. Co., 250 App. Div. 561).
Settle order on notice.